FILED

2014 Sep-09  AM 10:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| WAYNE MOSELY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. _____ |
| | ) | |
| DOSTER CONSTRUCTION | ) | |
| COMPANY, INC., ADVANCETEC, LLC, | ) | **JURY TRIAL DEMANDED** |
| H&M MECHANICAL, INC. and | ) | |
| H&M MECHANICAL | ) | |
| CONTRACTORS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff in the above-styled action and hereby files his

Complaint as follows:

## FACTS COMMON TO ALL COUNTS

1.     Plaintiff Wayne Mosely is a resident of the State of Georgia, residing at

3359 Forest Knoll Drive, Duluth, Georgia 30097.

2.     Defendant Doster Construction Company, Inc. (hereinafter referred to as

"Defendant(s)" or "Doster Construction") is a domestic corporation authorized to

transact business in the State of Alabama and may be served through its registered

agent, CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery,

Alabama 36104. Jurisdiction and venue are proper. This Defendant has been properly served with process in this action.

3.     Defendant AdvanceTEC, LLC (hereinafter referred to as "Defendant(s)" or "AdvanceTEC") is a Virginia corporation authorized to transact business in the State of Alabama and may be served through its registered agent, Business Filings Incorporated, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104. Jurisdiction and venue are proper. This Defendant has been properly served with process in this action.

4.     Defendant H&M Mechanical, Inc. (hereinafter referred to as "Defendant(s)" or "H&M Mechanical") is a domestic corporation authorized to transact business in the State of Alabama and may be served through its registered agent, CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104. Jurisdiction and venue are proper. This Defendant has been properly served with process in this action.

5.     Defendant H&M Mechanical Contractors, Inc. (hereinafter referred to as "Defendant" or "H&M Mechanical Contractors") is a domestic corporation authorized to transact business in the State of Alabama and may be served through its registered agent, Tom D. Lamkin, 133 Belcher Drive, Pelham, Alabama 35124. Jurisdiction and venue are proper. This Defendant has been properly served with process in this action.

6.    The amount in controversy in this action exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7.    The Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity between the parties.  The incident at issue occurred within Tuscaloosa County, Alabama, and venue is proper in the Northern District of Alabama, Western Division, pursuant to 28 U.S.C. § 1391.

8.    This case arises from injuries that Plaintiff sustained while participating in the construction of the University of Alabama's Science and Engineering Complex, Phase IV (hereinafter "the Construction Project") on or about November 28, 2012.  Upon information and belief, Defendant Doster Construction acted as the Construction Project's General Contractor, Defendant AdvanceTEC was a subcontractor on the Construction Project overseeing construction of the "clean room" where Plaintiff was injured (hereinafter "the clean room"), and Defendants H&M Mechanical and/or H&M Mechanical Contractors were subcontractors   on the Construction Project installing the heating and air conditioning ("HVAC") systems in the clean room.

9.    On or about November 28, 2012, Plaintiff Wayne Mosely was an employee of McElroy Specialty Interiors, Inc., a subcontractor on the Construction Project that was hired to install the ceiling system inside the clean room.

10.     Shortly before he was injured, Plaintiff was installing part of the ceiling system while positioned inside a "scissor lift" that was elevated several feet off the ground.  While Plaintiff was working in the elevated scissor lift and unbeknownst to him, employees and/or agents of H&M Mechanical and/or H&M Mechanical Contractors negligently placed an HVAC "duct jack" in an unauthorized location at the base of the scissor lift.  Said duct jack, a mechanical device designed to roll, was placed in a location that would impede and/or interfere with anyone attempting to exit the scissor lift.

11.     The scissor lift was subsequently lowered so that Plaintiff could obtain additional ceiling system material.  As Plaintiff was stepping down off of the scissor lift's exit ladder, he stepped onto the negligently placed HVAC duct jack, which rolled and caused him to fall.  Plaintiff could not see the duct jack prior to his fall because it blended in with the color of the floor, and it was placed in a position that was not readily visible to someone exiting the scissor lift.   Plaintiff suffered serious injuries as a result of his fall.

12.     The employees and/or agents of H&M Mechanical and/or H&M Mechanical Contractors had actual and/or constructive knowledge that Plaintiff was inside the scissor lift because it was elevated, and Plaintiff was working directly above them when they negligent placed the HVAC duct jack.

## COUNT I
## NEGLIGENT/WANTONNESS

13.     Plaintiff re-adopts and re-alleges the allegations contained in paragraphs numbered 1 through 12 above and incorporates the same herein by reference as if set out in full.

14.     Defendants' negligence and wantonness includes, but is not limited to, one or more of the following: negligently/wantonly placing the HVAC duct jack in an unauthorized location under a manned scissor lift, negligently/wantonly  allowing and/or authorizing the HVAC duct jack to be placed in an unauthorized location under a manned scissor lift, negligently/wantonly failing to provide any warning to Plaintiff about the presence of the HVAC duct jack, negligently/wantonly failing to inspect the subject area and remove the hazardous condition prior to Plaintiff's fall and any other acts of negligence/wantonness that may be proven at trial.

15.     Defendants failed to exercise the due care exercised by individuals in like or similar circumstances and placed the HVAC duct jack in a manner showing a disregard for the safety of others, including Plaintiff.

16.     Defendants' actions constituted negligence contrary to the reasonable and safe conditions and circumstances then existing.

17.     Defendants were negligent/wanton in failing to keep a proper lookout for Plaintiff.  Defendants knew or should have known that Plaintiff was working on the scissor lift at the time they negligently placed the HVAC duct jack.

18.     Defendants negligently/wantonly failed to enact and enforce appropriate policies and procedures to ensure that their employees and/or agents would not negligently place construction materials.  Defendants were negligent/wanton in failing to take appropriate precautionary measures and procedures to prevent injuries to others.

## COUNT 2
## VIOLATION OF INDUSTRY STANDARDS

19.     Plaintiff re-adopts and re-alleges the allegations contained in paragraphs numbered 1 through 18 above and incorporates the same herein by reference as if set out in full.

20.     In negligently/wantonly allowing and/or authorizing the HVAC duct jack to be placed in an unauthorized location, the Defendants violated routine and common industry standards regarding the proper placement of construction equipment.

## COUNT 3
## VIOLATION OF OCCUPATION SAFETY AND HEALTH ADMINISTRATION REGULATIONS

21.     Plaintiff re-adopts and re-alleges the allegations contained in paragraphs numbered 1 through 20 above and incorporates the same herein by reference as if set out in full.

22.     In negligently/wantonly  allowing and/or authorizing the HVAC duct jack to be placed in an unauthorized location, Defendants were negligent in failing to abide by applicable federal, state and local law, codes and regulations, including but not limited to Occupational Safety and Health Administration ("OSHA") regulations.

## COUNT 4
## NEGLIGENT HIRING/TRAING/RETENTION/SUPERVISION

23.     Plaintiff re-adopts and re-alleges the allegations contained in paragraphs numbered 1 through 22 above and incorporates the same herein by reference as if set out in full.

24.     At the time of the subject incident, the employees and/or agents of H&M Mechanical and/or H&M Mechanical Contractors who negligently placed the HVAC duct jack were acting at the direction and under the control of Defendants.

Defendants negligently hired, supervised, trained and retained the employees who created and/or allowed this dangerous condition to exist.

## COUNT 5
## NEGLIGENT PER SE

25.    Plaintiff re-adopts and re-alleges the allegations contained in paragraphs numbered 1 through 24 above and incorporates the same herein by reference as if set out in full.

26.    In negligently/wantonly allowing and/or authorizing the HVAC duct jack to be placed in an unauthorized location, Defendants were negligent *per se*.

## COUNT 6
## RES IPSA LOQUITUR

27.    Plaintiff re-adopts and re-alleges the allegations contained in paragraphs numbered 1 through 26 above and incorporates the same herein by reference as if set out in full.

28.    Defendants are liable to Plaintiff under the doctrine of *res ipsa loquitur*.

## COUNT 7
## OTHER ACTS OF NEGLIGENCE

29.    Plaintiff re-adopts and re-alleges the allegations contained in paragraphs numbered 1 through 28 above and incorporates the same herein by reference as if set out in full.

30.    Defendants are liable for all other acts of negligence as may be shown at trial.

31.    At all times mentioned herein, Plaintiff acted with reasonable care under the conditions and circumstances then existing.

## DAMAGES

32.    The injuries sustained by Plaintiff were the direct and proximate result of the negligence of the Defendants.  But for said negligence, Plaintiff would not have suffered serious injury, physical pain, mental and psychological suffering, and other injuries as proven at the trial of this matter.

33.    As a result of Defendants' negligence, Plaintiff has incurred reasonable, necessary and continuing medical, doctor and pharmaceutical expenses from the injuries, and will continue to incur expenses in the future in an amount to be proven at trial.

34.    As a result of Defendants' negligence, Plaintiff has incurred lost wages and diminished capacity to labor in an amount to be proven at trial.

35.    Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other element of damages allowed under Federal and/or Alabama law, including but not limited to all compensatory, general, special, incidental, consequential and/or other damages permitted.  Plaintiff seeks all compensatory,

special, economic, consequential, general and all other damages permissible under Federal and/or Alabama law, including, but not limited to:

    a)    Bodily injuries;

    b)    Past, present and future pain and suffering

    c)    Disability;

    d)    Disfigurement;

    e)    Mental anguish

    f)    Loss of the capacity for the enjoyment of life;

    g)    Lost wages,

    h)    Impaired ability to labor;

    i)    Incidental expenses;

    j)    Loss of earning capacity;

    k)    Past, present and future medical expenses;

    l)    Permanent injuries; and

    m)    Consequential damages to be proven at trial.

36.    That each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above stated acts were the proximate causes of the injuries to Plaintiff.  Defendants are jointly and severally liable for Plaintiff's injuries and all damages recoverable under Federal and/or Alabama law.

37.    WHEREFORE, Plaintiff prays for a judgment to be awarded to him and against Defendants for the following:

(a)    For medical and doctor expenses in an amount to be proven through the evidence at the time of trial for the past, present and future;

(b)    For lost wages and loss of earning capacity in an amount for the past, present and future which will be proven at the time of trial through the evidence;

(c)    For pain and suffering for the past, present and future on behalf of Plaintiff;

(d)    For all general, special, compensatory, incidental, consequential and all other permissible damages and expenses associated with Plaintiff's injuries which will be proven at the time of trial;

(e)    That a jury be impaneled to resolve all factual disputes; and

(f )    For all further losses and recovery as deemed proper by the Court.

RESPECTFULLY SUBMITTED this the 2nd day of September, 2014.

[SIGNATURES APPEAR ON THE FOLLOWING PAGE]

**PATTERSON COMER LAW FIRM**

*/s/ J. Michael Comer*
J. Michael Comer
AL Bar No. ASB-0580-M71J
Paul W. Patterson
Attorney for Plaintiff

**PATTERSON COMER LAW FIRM**
303 Main Avenue, Suite A
Historic Downtown Northport
Northport, Alabama 35475
Office: (205) 759-3939
Facsimile: (205) 759-3931
E-mail: jmikecomer@yahoo.com

**DEFENDANTS' ADDRESS:**

1. Doster Construction Co., Inc.
   c/o Registered Agent:  CT Corporation System
   2 North Jackson Street, Suite 605
   Montgomery, Alabama 36104

2. AdvanceTEC, LLC
   c/o Registered Agent:  Business Filings Incorporated
   2 North Jackson Street, Suite 605
   Montgomery, Alabama 36104

3. H&M Mechanical, Inc.
   c/o Registered Agent:  CT Corporation System
   2 North Jackson Street, Suite 605
   Montgomery, Alabama 36104

4. H&M Mechanical Contractors, Inc.
   c/o Registered Agent:  Tom D. Lamkin
   133 Belcher Drive
   Pelham, Alabama 35124