# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| WAYNE MOSELY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 7:14-CV-01724-JEO |
| DOSTER CONSTRUCTION ) | |
| COMPANY, INC., ADVANCETEC, ) | |
| LLC, H&M MECHANICAL, INC. ) | |
| AND H&M MECHANICAL ) | |
| CONTRACTORS, INC. ) | |
| ) | |
| Defendants. | |

## DEFENDANT ADVANCETEC, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Comes now AdvanceTEC, LLC ("AdvanceTEC"), Defendant in the above-styled cause, and for answer to Plaintiff's Complaint, states as follows:

### Facts common to all counts

1.  Defendant lacks sufficient information and knowledge to admit or deny Paragraph 1 of Plaintiff's Complaint. As such, said allegations are denied.

2.  Defendant lacks sufficient information and knowledge to admit or deny Paragraph 2 of Plaintiff's Complaint. As such, said allegations are denied.

3. Defendant admits it is a Virginia Corporation authorized to transact business in the State of Alabama. Defendant lacks sufficient information to admit or deny whether this Court has proper subject matter jurisdiction and reserves the right to challenge subject matter jurisdiction, if necessary, at a later date.

4. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 4 of Plaintiff's Complaint. As such, said allegations are denied.

5. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 5 of Plaintiff's Complaint. As such, said allegations are denied.

6. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 6 of Plaintiff's Complaint. As such, said allegations are denied.

7. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 7 of Plaintiff's Complaint. As such, said allegations are denied.

8. Defendant admits it was a subcontractor for a construction project at the University of Alabama Science and Engineering Complex during 2012. Defendant Doster Construction Co., Inc. was a general contractor. Defendant H&M Mechanical, Inc. was a subcontractor for Defendant. Defendant lacks

sufficient information regarding the remaining allegations set forth in Paragraph 8 of Plaintiff's Complaint. As such, those allegations are denied.

9. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 9 of Plaintiff's Complaint. As such, said allegations are denied.

10. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 10 of Plaintiff's Complaint. As such, said allegations are denied.

11. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 11 of Plaintiff's Complaint. As such, said allegations are denied.

12. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 12 of Plaintiff's Complaint. As such, said allegations are denied.

## Count 1
## Negligent/Wantonness

13. Defendant readopts and incorporates its responses to Paragraphs 1-12 of Plaintiff's Complaint as set out fully herein.

14. Defendant denies the allegation set forth in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegation set forth in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegation set forth in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegation set forth in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegation set forth in Paragraph 18 of Plaintiff's Complaint.

## Count 2
## Violation of Industry Standards

19. Defendant readopts and incorporates its responses to Paragraphs 1-18 of Plaintiff's Complaint as set out fully herein.

20. Defendant denies the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

## Count 3
## Violation of Occupation Safety and Health Administration Regulations

21. Defendant readopts and incorporates its responses to Paragraphs 1-20 of Plaintiff's Complaint as set out fully herein.

22. Defendant denies the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

## Count 4
## Negligent Hiring/Training/Retention/Supervision

23.     Defendant readopts and incorporates its responses to Paragraphs 1-22 of Plaintiff's Complaint as set out fully herein.

24.     Defendant denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

## Count 5
## Negligent Per Se

25.     Defendant readopts and incorporates its responses to Paragraphs 1-24 of Plaintiff's Complaint as set out fully herein.

26.     Defendant denies the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

## Count 6
## Res Ipsa Loquitur

27.     Defendant readopts and incorporates its responses to Paragraphs 1-26 of Plaintiff's Complaint as set out fully herein.

28.     Defendant denies the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

## Count 7
## Other Acts of Negligence

29.     Defendant readopts and incorporates its responses to Paragraphs 1-28 of Plaintiff's Complaint as set out fully herein.

30. Defendant denies the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

## Damages

32. Defendant denies the allegations set forth in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

Defendant pleads the general issue.

### THIRD DEFENSE

Defendant pleads not guilty.

### FOURTH DEFENSE

Defendant avers that the Plaintiff was guilty of contributory negligence.

### FIFTH DEFENSE

Defendant pleads assumption of the risk.

### SIX DEFENSE

Defendant denies the Plaintiff was injured to the nature and extent claimed and contests damages.

### SEVENTH DEFENSE

Defendant pleads the statute of limitations.

### EIGHTH DEFENSE

Defendant avers that any alleged dangerous condition was open and obvious.

## NINTH DEFENSE

Defendant denies it had superior knowledge of any alleged hazardous or defective condition that may have proximately caused the Plaintiff's injuries and damages and demand strict proof thereof.

## TENTH DEFENSE

1. Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

(a) It is violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which

thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(d)   The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provides vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)   The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)   The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g)   The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportion, or bear a reasonable relationship, to the actual harm incurred.

(h)     The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

2.      Plaintiff's claim of punitive damages violates the due process clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

(a)     It is a violation of the due process clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant;

(c)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e)     The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

3.      Plaintiff's attempt to impose punitive or extra-contractual damages on this defendant, on the basis of vicarious liability for the conduct by others, violates

the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

    4.    The award of punitive damages to the plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

    5.    The award of punitive damages against the defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

    6.    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 6, of the Alabama Constitution.

## ELEVENTH DEFENSE

Defendant reserve the right to amend its answer until all discovery has been completed.

## TWELFTH DEFENSE

Defendant avers Plaintiff's claims against it are barred through statutory immunity.

**THIRTEENTH DEFENSE**

Defendant avers Plaintiff's damages are caused by an intervening superseding event.

**FOURTEENTH DEFENSE**

Defendant avers there was no causal connection or relationship between any alleged negligent or wanton conduct and Plaintiff's damages and injuries.

Respectfully submitted,

*/s/ James C. Gray III*
James C. Gray III (ASB-0584-R53J)
Anthony L. Watkins, Jr. (ASB-6822-A27W)
*Attorneys for Defendant*
*AdvanceTec, LLC*

**OF COUNSEL:**
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, Alabama  35223
(205) 967-8822
jgray@lgwmlaw.com
twatkins@lgwmlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document to all attorneys of record by electronically filing the foregoing document with the United States District Court, Northern District of Alabama on this the **14th** day of **October**, **2014**:


| | |
|---|---|
| J. Michael Comer<br>Paul W. Patterson<br>303 Main Avenue, Suite A<br>Historic Downtown Northport<br>Northport, Alabama 35475<br>Email: jmikecomer@yahoo.com<br>*Attorneys for Plaintiff* | Kathy R. Davis<br>Carr Allison<br>100 Vestavia Parkway<br>Birmingham, AL 35216<br>Email: krdavis@carrallison.com<br>*Attorney for Defendant H&M Mechanical, Inc.* |
| Jeffrey N. Mykkeltvedt<br>3001 Lookout Place, N.E.<br>Atlanta, Georgia 30305<br>Email: jeff@ml-llc.com<br>*Attorney for Plaintiff* | |

                                            *s/ James C. Gray III*
                                            OF COUNSEL